NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____

| | | |
|---|---|---|
| A FIRST CO., LTD., *et al.*, | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| WINGS LOGISTICS U.S.A. CORP.; | : | |
| WORLDWIDE SOURCING LLC; | : | |
| SCOTT PIANIN; and DOES 1-20 | : | |
| inclusive, | : | **Hon. Dennis M. Cavanaugh** |
| | : | |
| Defendants. | : | **OPINION** |
| _____ | : | |
| INTERTEK CONSUMER GOODS | : | Civil Action No. 09-CV-6003 (DMC) |
| NORTH AMERICA, | : | |
| | : | |
| Third-party Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| WORLDWIDE SOURCING LLC; | : | |
| SCOTT PIANIN, | : | |
| | : | |
| Third-party Defendants. | : | |

_____

DENNIS M. CAVANAUGH, U.S.D.J.:

    This matter comes before the Court upon motion by Third-party Plaintiff Labtest International, Inc. d/b/a Intertek Consumer Goods North America ("Third-party Plaintiff" or "Intertek North America") to quash a subpoena *duces tecum*. Pursuant to Fed. R. Civ. P. 78, no oral argument was heard. After considering the submissions of all parties, and based upon the following, it is the conclusion of this Court that the motion to quash is **granted**.

**I.     BACKGROUND**

On November 4, 2009, pursuant to a matter pending before the United States District Court for the District of Central California in a breach of contract action and in accordance with Fed. R. Civ. P. 45, Worldwide Sourcing, LLC and Scott Pianin, President of Worldwide, (collectively, "Defendants," "Third-party Defendants" or "Worldwide") issued an initial subpoena *duces tecum* upon non-party Intertek Group plc ("Intertek Group").  The subpoena compels the production of documents and communications concerning "inspections of goods performed by Intertek at the request of Worldwide in May, June or July 2008 at a factory located in Indonesia that was owned or affiliated with A First."  On November 24, 2009, Intertek Group, a holding company organized under the laws of England with a principal place of business in London, England, moved to quash this subpoena for lack of jurisdiction. The subpoena was subsequently withdrawn by Worldwide.

On December 3, 2009, pursuant to the matter pending before the District of Central California, Defendants issued a non-party subpoena *duces tecum* upon Intertek North America.  That subpoena compels the production of documents and communications concerning "inspections of goods performed by Intertek at the request of Worldwide in May, June or July 2008 at a factory located in Indonesia that was owned or affiliated with A First."

In accordance with Fed. R. Civ. P. 45, Intertek North America instituted the present action before this Court as Third-party Plaintiff.  On December 23, 2009, Intertek North America moved before this Court to quash the subpoena.  The inspection report at issue was ordered by Worldwide and generated by an Intertek entity in connection with the manufacture of certain women's apparel by A First Co., Ltd. ("A First") in Indonesia.

## II. DISCUSSION

Federal Rule of Civil Procedure 45 "provides that a *subpoena duces tecum* shall be issued "from the court for the district in which the production is to be made." Fed. R. Civ. P. 45(a).  "[O]nly the issuing Court has the power to act on its subpoenas . . . and nothing in the rules even hints that any other court may be given the power to quash or enforce them."  Parker v. Learn the Skills Corp., 2004 U.S. Dist. LEXIS 21498, *4 (E.D. Pa. Oct. 25, 2004) (quoting In re Seal Case, 141 F.3d 337 (D.C. Cir. 1998)). "In federal practice, a Rule 45 subpoena command to a nonparty to produce books and records for inspection and copying is the *only* method by which document inspection may be obtained from non-parties." Mun. Revenue Servs. v. Xspand, Inc., 2007 U.S. Dist. LEXIS 25115, *14 (M.D. Pa. Apr. 4, 2007); see Adv. Comm. Note on 1991 Amendments to Fed. R. Civ. P. 45. "Pursuant to Rule 45(a)(1)© the test for the production of information sought by a subpoena is whether the information is 'in the possession, custody or control' of the person on whom the subpoena is served. Control is defined as the legal right to obtain the documents required on demand." Power Integrations Inc. v. Fairchild Semiconductor Int'l, Inc., 2005 U.S. Dist. LEXIS 30570, *7 (D. Del. Dec. 2, 2005) (citing Gerling Int'l Ins. Co. v. Commissioner, 839 F.2d 131, 140 (3d Cir. 1988) ("[C]ontrol is the test with regard to the production of documents [and] is defined not only as possession, but as the legal right to obtain the documents requested on demand." (quoting Searock v. Stripling, 736 F.2d 650, 653 (11th Cir. 1984)).  "The few cases involving sister corporations under common control follow the same pattern as the cases involving a litigating subsidiary." Id. at 141 ("Where the litigating corporation is the subsidiary and the parent possesses the records, control has been found to exist where the 'alter ego' doctrine warranted piercing the corporate veil."). "The requisite control has been found only where the sister corporation was found to be the alter ego of the litigating entity, *e.g*., Perini America Inc. v. Paper Converting Machine Co., 559 F. Supp. 552,

553 (E.D. Wis. 1983), ("both corporations are the 'alter ego' of Fabio Perini" [who owns 100 % of one and 99.5 % of the other] and "to treat them as unrelated entities would defy reality"), or where the litigating corporation had acted with its sister in effecting the transaction giving rise to suit and is litigating on its behalf, *e.g.,* Alimenta (U.S.A.) Inc. v. Anheuser-Busch Companies, 99 F.R.D. 309, 313 (N.D. Ga. 1983)(the sisters had "acted 'as one' in the transaction at issue" and the sister possessing the documents had assisted its sibling in litigating the case)." Id.

Intertek North America contends that it neither contracted for nor performed the inspection of the goods referenced in the subpoena and, therefore, does not physically possess the documents requested in the subpoena. Moreover, Intertek North America asserts that there is no duty to produce documents of a sister corporation. Instead, Intertek North America asserts, upon information and belief, that Intertek Consumer Goods Indonesia ("Intertek Indonesia") contracted for and performed the inspection at issue. Further, Intertek North America represents that Intertek North America and Intertek Indonesia are separate corporations that maintain separate books, records and financial statements; that have no common officers or directors; and have no ownership interest in one another. The former is incorporated under the laws of Delaware with a principal place of business in Oak Brook, Illinois while the latter is incorporated in Indonesia.

In opposition, Worldwide asserts that Worldwide never had any contact with anyone from Intertek Indonesia. Worldwide was in contact with Elma Isakovic, whose business card states that she was employed by "Intertek," located at 70 Diamond Road, Springfield, New Jersey 07081. Worldwide indicates that Elma Isakovic was the exclusive contact to Intertek, and that it was in contact with no one else from Intertek. None of the parties to the present action pending before the District Court in California possess a copy of the inspection report created by Intertek. Worldwide asserts, "[i]t is telling

that Intertek North America has not represented that it is unable to obtain or produce the document(s) sought, which is clearly in its possession, custody or control or in the possession, custody or control of a related or affiliated entity."

The inspection took place in Indonesia. Intertek North America represents to the Court that upon information and belief, the appropriate entity with possession, custody and/or control of the discovery sought is Intertek Indonesia. Further, in representing to the Court the absence of a duty to compel production, Intertek North America implicitly represents to the Court that Intertek North America has no legal right to obtain the documents sought on demand. Worldwide has not presented the Court support to the contrary. Therefore, based on Intertek North America's representations, the motion to quash is **granted**.

IV. CONCLUSION

For the foregoing reasons, Intertek North America's motion to quash is **granted.** An appropriate Order accompanies this Opinion.

|  |  |  |
|---|---|---|
|  |  | S/ Dennis M. Cavanaugh |
| Dated: | April 15, 2010 | Dennis M. Cavanaugh, U.S.D.J. |
| cc: | All Counsel of Record |  |
|  | Hon. Mark Falk, U.S.M.J. |  |
|  | File |  |

5